UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

FRED JAMES HESSLER

                                           Chapter 13
                                           Case No.: 19-15157-SMG

      Debtor.

_____/

## DEBTOR'S RESPONSE IN OPPOSITION TO THE MOTION FOR IMPOSITION OF SANCTIONS AGAINST THE DEBTOR AND HIS ATTORNEY PURSUANT TO BANKRUPTCY RULE 9011

Debtor, Fred James Hessler (the "**Debtor**"), by and through its undersigned counsel, hereby files its Response in Opposition to the Motion for the Imposition of Sanctions Against the Debtor and his Attorney Pursuant to Bankruptcy Rule 9011 and in support thereof, states as follows:

STETEMENT OF FACTS

1. The legal doctrine of ex turpi causa non oritur actio, from a dishonorable cause an action does not arise, is well suited to this matter.

2. BCSS, LTD. d/b/a Tri-County Truck & Equipment's, ("**Tri-County**") Motion for Sanctions is replete with misstatements of fact and law. The only truth in its quest for sanctions is that the Motion for Turnover and the Motion for Contempt were not served on an officer. However, the notice of every pleading was served upon Tri-County and as such it received actual notice of all relevant matters.

3. Tri-County emailed undersigned demanding he vacate the Order Sanctioning and the Final Judgement because it claims to not have been served the Motions for Turnover and Contempt. However, the Order Sanctioning and the Final Judgement were both properly noticed via process server [ECF Nos 96 & 104]. Despite proper service, Tri County failed to appear at the

1

Show Cause Hearing and a servicer manager appeared on its behalf at the Evidentiary Hearing.

    I.    <u>Tri-County's Motion Fails to meet the minimal requirements under Federal Rules of Bankruptcy Procedure Rule 9011</u>.

4. Bankruptcy Rule 9011 governs representations to the court and requires that filings are "not being presented for any improper purpose . . . the claims, defenses, and other legal contentions therein are warranted by existing law," and that, "the allegations and other factual contentions have evidentiary support" Fed. R. Bankr. P. 9011(b).

5. Tri-County fails to demonstrate that the pleadings warrant 9011 sanctions and further fails to meet its burden under Rule 9011. The Debtor's pleadings were not presented for improper purposes and his claims were warranted by existing law. "[T]he bankruptcy code permits sanctions only if the objectionable court paper is signed in violation of the rule." In re Mroz, 65 F.3d 1567, 1572 (11th Cir. 1995). "'Accordingly, the court's inquiry should only focus on the merits of the pleading gleaned from the facts and law.'" *Id.* (*citing Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692 (11th Cir. 1995). Simply put, the allegations against the Debtor and undersigned are not sanctionable as Tri-County's Motion is void of any allegations as to the merits of the Debtor's pleadings. .

6. Tri-County cites to *Turner v. Sungard Bus. Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996) but fails to quote any portion of the case or how it relates to the facts in the present case. The *Turner* court found that the attorney:

> knew from the moment he began representing Plaintiff that his claim was meritless (2) at the pretrial conference, Penick represented that he had evidence to support Plaintiff's claim that the job at issue had been filled though no such evidence was ever presented to the court, and (3) after taking Zales' deposition, Penick had to know that the case was without a factual basis but failed to dismiss it, thereby forcing Sungard (and the court) to expend time and money on a summary judgment motion.

*Id*. at 1422. Not a single of the *Turner* facts, which Tri-County cites, are relevant to the current matter before the Court. The Eleventh Circuit stated that; "only those claims without any factual or

legal basis whatsoever are sanctionable" *In re Ballato*, 183 B.R. 955 (Bankr. M.D. Fla. April 7, 1995) *Citing Davis v. Carl*, 906, F.2d 533, 538 (11th Cir. 1990). The record is deplete of facts to warrant that the undersigned petitioned the Court for a relief that is not supported by existing law or that it was filed for improper purpose.

7. Furthermore, the filing of a 9011 motion is improper when the "offending motion" has been ruled on by the court. The Eleventh Circuit agreed "with the Second, Fourth, and Sixth Circuits that the service and filing of a motion for sanctions 'must occur prior to final judgement or judicial rejection of the offending' motion." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). Here, the Court entered a final judgement and the sanctions Tri-County seeks is not warranted under Rule 9011.

8. When moving for sanctions, the "party who moves for sanctions under Bankruptcy Rule 9011 must follow a two-step process . . . [t]he party first must serve the motion on the opposing party" *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). Bankruptcy Rule 9011 requires the motion "shall be served as provided in Rule 7004." Fed. R. Bankr. P. 9011(c). Tri-County's Certificate of Service of its 9011 Motion fails to satisfy the criteria established under Bankruptcy Rules 9011 and 7004.

9. Rule 9011(c)(1)(A) grants the Court the discretion to award the prevailing party reasonable attorney fees and expenses. In *Gulf Coast Orthopedic Ctr. Inc.*, the court denied a movant's 9011 motion and subsequently awarded the prevailing party reasonable expenses and attorney's fees. 297, B.R. 861, 864 (Bankr. M.D. Fla. July 10, 2003). Should undersigned prevail in opposing Tri-County's Rule 9011 Motion, it requests the Court award reasonable costs and attorney's fees.

**WHEREFORE**, the Debtor, Fred James Hessler, Rachamin Cohen, Esq. and Cohen Legal Services, P.A. respectfully requests the entry of an Order by the Court i) the Motion for the

Imposition of Santions Against the Debtor and his Attorney Pursuant to Rule 9011; ii) awarding attorney's fees and cost incurred by the Debtor in opposing the Motion, and; iii) granting any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing or E-Mail this 21st day of April, 2020 and to all parties listed below.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

<u>Respectfully submitted</u>,
COHEN LEGAL SERVICES, P.A.
Rachamin "Rocky" Cohen
Attorney for the Debtor
12 SE 7th Street, Suite 805
Fort Lauderdale, Florida 33301
Telephone: 305-570-2326
Email:Rocky@lawcls.com

By:   /s/*Rachamin Cohen*
  Rachamin Cohen
  Fla. Bar No. 96305

**VIA USPS:**
Bachrodt, Louis CIII
1801 West Atlantic Boulevard
Pompano Beach, FL 33069

Tri-County Truck & Equipment
1801 W Atlantic Blvd
Pompano Beach, FL 33069

BCSS Ltd.
c/o Law Office of Mark S. Roher, P.A.
150 S. Pine Island Road, Suite 150
Plantation, FL 33324