

**ORDERED in the Southern District of Florida on May 18, 2020.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

                                Case No. 19-15157-SMG

Fred James Hessler,

                                Chapter 13

        Debtor.

_____/

## ORDER DENYING BCSS LTD. D/B/A TRI-COUNTY TRUCK & EQUIPMENT'S RULE 9011 MOTION, AND AWARDING EXPENSES AND ATTORNEYS' FEES INCURRED BY DEBTOR IN OPPOSING THE MOTION

This matter came before the Court for a hearing on April 22, 2020 upon

B C S S, Ltd. d/b/a Tri-County Truck & Equipment's ("Tri-County") *Amended Motion*

*for the Imposition of Sanctions Against the Debtor and His Attorney Pursuant to*

*Bankruptcy Rule 9011*[1] (the "Rule 9011 Motion"). The Court has considered the Rule

9011 Motion, the *Debtor's Response in Opposition*[2] (the "Response"), Tri-County's

---

[1] ECF No. 142.

[2] ECF No. 153. The Court has reviewed the factual circumstances detailed in the Debtor's *Notice of Late Filing of Papers Pursuant to Local Rule 5005-1(F)(2)* (ECF No. 155) and will consider the Debtor's late filed Response. *See* Local Rule 1001-(E).

*Reply*[3] (the "Reply"), the *Supplemental Affidavit of Attorneys' Fees and Costs*[4] filed by Rachamin Cohen, Esq. (the "Cohen Affidavit"), and the record in this case. Because the Rule 9011 Motion is entirely without merit, it will be denied and the Court will award expenses and attorneys' fees to the Debtor, Fred James Hessler, incurred in opposing the Rule 9011 Motion, for the reasons discussed in more detail below.

In the Rule 9011 Motion, Tri-County seeks sanctions against Mr. Hessler and his attorney, Mr. Cohen, for refusing to agree to Tri-County's request to vacate the Court's February 12, 2020 *Order Sanctioning B C S S, Ltd. D/B/A Tri-County Truck & Equipment for Willful Violation of the Automatic Stay and its Contempt of this Court's Orders*[5] the "Sanctions Order") and its corresponding February 14, 2020 *Final Judgment*[6] (the "Final Judgment"). By separate Order,[7] the Court has denied Tri-County's *Amended Motion to Vacate Order Sanctioning BCSS for Willful Violation of the Automatic Stay and its Contempt of this Court's Orders*[8] (the "Motion to Vacate"). After careful consideration, the Court determined that Tri-County failed to establish any basis under Federal Rule of Civil Procedure 60 (made applicable by Federal Rule of Bankruptcy Procedure 9024) or otherwise, for the Court to vacate its Sanctions Order or Final Judgment. For this reason alone, the Rule 9011 Motion should be denied.

---

[3] ECF No. 154.

[4] ECF No. 157.

[5] ECF No. 112.

[6] ECF No. 114.

[7] ECF No. 160.

[8] ECF No. 134.

The Rule 9011 Motion must also be denied, however, because Rule 9011 does not apply to a party's "refusal to vacate"[9] a court's orders. Rule 9011(b) provides that:[10]

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

In its Rule 9011 Motion, Tri-County does not complain about a "a petition, pleading, written motion, or other paper," signed, filed, submitted or later advocated by Mr. Cohen. Instead, Tri-County complains that Mr. Cohen and Mr. Hessler refused to "agree to the entry of an order granting the Motion to Vacate."[11] But neither Mr. Cohen nor Mr. Hessler can agree to vacate this Court's orders; only this Court (or an

---

[9] Rule 9011 Motion at ¶ 21.

[10] Fed. R. Bankr. P. 9011(b).

[11] Rule 9011 Motion at ¶ 15.

appellate court) can vacate is orders. Further, in and of itself (and certainly in the context of this case), refusal by counsel or his client to consent to relief requested by an opposing party does not constitute signing, filing, submitting or later advocating "a petition, pleading, written motion, or other paper."[12]

It is clear that Tri-County does not complain about a petition, a pleading or a written motion filed by Mr. Cohen on behalf of Mr. Hessler. Tri-County complains about *this Court's* Sanctions Order and Final Judgment. Thus, even if there were any substantive merit in Tri-County's position (there is not), neither Mr. Cohen nor Mr. Hessler took any action contemplated by Rule 9011 of which Tri-County could complain. And, as noted, the Court has denied Tri-County's Motion to Vacate on the merits, thus validating Mr. Cohen and Mr. Hessler's refusal to accede to Tri-County's demands.

The Eleventh Circuit has admonished litigants that courts "look with disfavor on a party's use of Rule 11 or the ethical rules as combative tools. The rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mud-slinging."[13] The Court cannot and "will not tolerate attempts to use the ethical rules in a way contrary to the spirit of those very rules."[14] Here, there was no merit substantively (because the Court denied the Motion to Vacate) or procedurally

---

[12] Fed. R. Bankr. P. 9011(b).

[13] *Autrey v. United States*, 889 F.2d 973, 986 n.20 (11th Cir. 1989). The purpose of Rule 9011 is equivalent to that of Rule 11 of the Federal Rules of Civil Procedure, and the applicable standard of review is the same under both rules. *In re Kouterick*, 167 B.R. 353, 362 (Bankr. D.N.J. 1994) (citations omitted).

[14] *Autrey*, 889 F.2d at 986 n.20.

(because Mr. Cohen did not sign, file, submit, or advocate any offending paper) to the Rule 9011 Motion. The only conceivable basis for Tri-County's Rule 9011 Motion was as a "combative tool" to obtain some perceived litigation leverage, which is contrary to both the letter and spirit of Rule 9011.

Given the utter lack of merit to the Rule 9011 Motion and the facially improper purpose for which it was filed, it is certainly warranted here to award to Mr. Hessler – as the party prevailing on the motion – his reasonable expenses and attorney's fees incurred in opposing the motion.[15] The Court has reviewed the Cohen Affidavit and has determined that the attorneys' fees in the amount of $1,087.50 incurred in opposing the Rule 9011 Motion were entirely reasonable and should be awarded to Mr. Hessler and against Tri-County's counsel, Mark Roher, Esq. pursuant to Fed. R. Bankr. P. 9011(c)(1)(A).

Accordingly, for the reasons stated above and those stated on the record at the April 22, 2020 hearing, it is

**ORDERED:**

1.    The Rule 9011 Motion is **DENIED**.

2.    Mr. Hessler is awarded $1,087.50 in attorney's fees incurred in opposing the Rule 9011 Motion.

3.    Mark Roher, Esq. is directed to pay $1,087.50 to the Debtor, c/o Rachamin Cohen, Esq., Cohen Legal Services, P.A., 12 SE 7th Street, Suite 805,

---

[15] See Fed. R. Bankr. P. 9011(c)(1)(A).

Fort Lauderdale, Florida 33301, <u>within 14 days of the entry of this Order</u>, and to promptly file a Notice of Compliance with the Court upon making such payment.

###

Copies furnished to:

Mark Roher, Esq. who must serve a copy of this Order on all interested parties and file a certificate of service thereof.